# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

July 8, 2022

Maria R. Hamilton, Clerk of the Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re: *Medtronic Medical CR SRL v. Feliciano-Soto et al.* (No. 21-1702)

Dear Ms. Hamilton:

Per Federal Rule of Appellate Procedure 28(j), I write on behalf of Plaintiff-Appellant in the above-captioned appeal ("Medtronic") to advise the Court of a pertinent new authority—a federal indictment of the two individual Defendants-Appellees, Feliciano-Soto and Santana-Criado, on criminal charges arising from the same underlying events as Medtronic's civil action. *See* ECF 3, *United States v. Feliciano-Soto et al.*, No. 3:22-cr-291 (D.P.R. June 30, 2022) (attached as Ex. A).

This appeal concerns whether the District Court erred in dismissing Medtronic's civil action based on *forum non conveniens*. For two reasons, the federal indictment supports Medtronic's position that the public interest factors do not favor (much less strongly favor) dismissal.

*First*, the indictment confirms that Puerto Rico has a substantial interest in addressing Defendants' wrongdoing. *See* Medtronic Br. 41-42; Medtronic Reply Br. 28. That is why the U.S. Attorney's Office for the District of Puerto Rico pursued this criminal matter. *See Clerides v. Boeing Co.*, 534 F.3d 623, 630 (7th Cir. 2008) (reasoning that public interest factors favored adjudication in Greece or Cyprus because "Greece and Cyprus have demonstrated interest in the case through their respective criminal investigations into the crash"); *Reers v. Deutsche Bahn AG*, 320 F. Supp. 2d 140, 160 (S.D.N.Y. 2004) (similar).

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Page 2

*Second*, the indictment confirms that federal law applies to at least part of this matter. *See* Medtronic Br. 42-44. The indictment alleges that Defendants' conduct violated *federal* criminal law: conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and money laundering conspiracy in violation of 18 U.S.C. § 1956(h). *See* Ex. A at 1. Wire fraud and money laundering were likewise the predicate acts that Medtronic alleged as the basis for its civil RICO claim. *See* App. 38. As Medtronic has explained, the applicability of federal law cuts against dismissal.

Sincerely,

*/s/ Yaakov M. Roth*
Yaakov M. Roth

*Counsel for Plaintiff-Appellant*

cc: All Counsel of Record (whom the above-signing attorney certifies were served with this letter on July 8, 2022, via ECF)

## CERTIFICATE OF COMPLIANCE

This letter complies with the length limitations of Fed. R. App. P. 28(j), as it contains 298 words. The letter has been prepared using Microsoft Office Word 2016 in 14-point, proportionally spaced Century Schoolbook Standard font.

Dated: July 8, 2022                <u>*/s/ Yaakov M. Roth*</u>
                                                Yaakov M. Roth

                                                *Counsel for Plaintiff-Appellant*

# EXHIBIT A

RECEIVED AND FILED

CLERK'S OFFICE USDC PR

2022 JUN 30 PM 6:55

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] ELIESER FELICIANO-SOTO,<br>[2] JOSE E. SANTANA-CRIADO,<br>Defendants. | INDICTMENT<br><br>CRIMINAL NO. 22-291(PAD)<br><br>VIOLATIONS:<br><br>COUNT ONE<br>Conspiracy to Commit Wire Fraud<br>18 U.S.C. § 1349<br><br>COUNT TWO<br>Money Laundering Conspiracy<br>18 U.S.C. § 1956(h) |

**THE GRAND JURY CHARGES:**

### GENERAL ALLEGATIONS

At times material to this Indictment:

1. Medtronic Medical CR SRL (Medtronic-CR) was a Costa Rica limited liability company. Medtronic-CR manufactured orthopedic components used for spine surgery devices and spine surgery procedures, which were distributed and sold globally.

2. As part of its expansion plans, in or about 2017, Medtronic-CR set out to build a new manufacturing facility in Coyol Alajuela, Costa Rica.

3. Medtronic-CR used third-party vendors for the provision of services related to its new-manufacturing facility.

4.     To approve a new vendor, an electronic funds transfer form was submitted providing the type of business the vendor did and the bank account(s) to be used.

5.     Once a vendor was approved, it was added to Medtronic's Systems Applications and Products system known as *Shopping Cart*. Employees then approved purchase orders for the vendors which authorized services by the vendor. Employees self-approved vendor purchase orders if the value was within the employee's approval authority.

6.     Once a purchase order was approved, vendors submitted invoices to Medtronic-CR for payment against that purchase order. The invoices were then approved by the accounts payable department.

7.     Once an invoice had been approved by the accounts payable department, payment was released from Medtronic-CR's bank account with Banco CMB (Costa Rica) S.A. with account number xxxxxx0014.

8.     **[1] ELIESER FELICIANO-SOTO** was a Medtronic-CR employee. He was the Site Director for Medtronic-CR. As the Site Director, he was in charge of overseeing the construction of Medtronic-CR's new manufacturing facility in Coyol Alajuela, Costa Rica. He had the authority to approve on behalf of Medtronic-CR purchase orders that were below $100,000 concerning the construction of the new manufacturing facility.

9.     **[2] JOSE E. SANTANA-CRIADO** was a contract worker for Medtronic-CR. He organized Innovative Engineering Corp. and Innovative Engineering LLC

(collectively referred to as Innovative). He was the authorized representative and president of the corporation and administrator of the limited liability company.

10. Innovative Engineering Corp. was a corporation organized under the laws of the Commonwealth of Puerto Rico. The corporation's place of business was Metro Office Park Suite 204, Guaynabo, Puerto Rico.

11. Innovative Engineering LLC was a Puerto Rico limited liability company. The company's place of business was Mansiones del Caribe 375, Calle Topacio, Humacao, Puerto Rico.

12. Innovative utilized a bank account in Banco Popular de Puerto Rico (BPPR) with account number xxx-xx9165—the deposits of which were insured by the Federal Deposit Insurance Corporation. **[2] JOSE E. SANTANA-CRIADO** was the authorized signatory of the account.

13. **[2] JOSE E. SANTANA-CRIADO** had a mortgage loan with BPPR with loan number xxxxxx6559.

14. **[1] ELIESER FELICIANO-SOTO** had an account with Baxter Credit Union (BCU) in 340 North Milwaukee Ave., Vernon Hills, IL with account number xxxxxx0001.

15. **[1] ELIESER FELICIANO-SOTO** had a mortgage loan with BPPR with loan number xxxxxx4619.

## COUNT ONE
## (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

The allegations in paragraphs 1-15 are incorporated here.

From in or about November 2018, through in or about February 2020, in the District of Puerto Rico and elsewhere, the defendants,

**[1] ELIESER FELICIANO-SOTO,
[2] JOSE E. SANTANA-CRIADO,**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to commit the following offense: to devise and intend to devise a scheme and artifice to defraud and willfully participated in, with knowledge of its fraudulent nature, for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice and attempting to do so cause the transmission of any writing, sign, signal, picture, and sound by means of a wire, radio, and television communication in interstate and foreign commerce, in violation of 18 U.S.C. § 1343.

### The Purpose and Object of the Conspiracy

The purpose and object of the conspiracy was for defendants **[1] ELIESER FELICIANO-SOTO** and **[2] JOSE E. SANTANA-CRIADO** to benefit and enrich themselves through a scheme to defraud, obtaining money and property belonging to Medtronic-CR, by means of materially false and fraudulent pretenses, representations, and promises through interstate and foreign wire communications.

4

## Manner and Means

16. It was part of the conspiracy that **[1] ELIESER FELICIANO-SOTO** and **[2] JOSE E. SANTANA-CRIADO** used Innovative to engage in deceptive conduct designed to fraudulently obtain compensation from Medtronic-CR for the purported provision of services which were never rendered during the construction of the new manufacturing site in Coyol Alajuela, Costa Rica.

17. It was further part of the conspiracy that **[1] ELIESER FELICIANO-SOTO** personally authorized purchase orders issued by Innovative for the purpose of defrauding Medtronic-CR.

18. It was further part of the conspiracy that, once the purchase orders were approved, **[1] ELIESER FELICIANO-SOTO** and **[2] JOSE E. SANTANA-CRIADO** submitted fraudulent invoices from Innovative to Medtronic-CR for services which were never provided.

19. It was further part of the conspiracy that **[1] ELIESER FELICIANO-SOTO** and **[2] JOSE E. SANTANA-CRIADO** submitted fraudulent invoices from Innovative to Medtronic-CR containing the names of persons for services purportedly rendered by these individuals.

20. It was further part of the conspiracy that Innovative would receive electronic wire transfer payments from Medtronic-CR's bank account in Costa Rica to Innovative's bank account in BPPR corresponding to payments for Innovative's invoices.

21. It was further part of the conspiracy that **[1] ELIESER FELICIANO-SOTO** and **[2] JOSE E. SANTANA-CRIADO** financially enriched themselves from the payments made by Medtronic CR to Innovative's bank account in Puerto Rico.

22. It was further part of the conspiracy that **[1] ELIESER FELICIANO-SOTO** and **[2] JOSE E. SANTANA-CRIADO** transferred the proceeds of the conspiracy and scheme to defraud from Innovative's bank account to other accounts that they controlled in BPPR and BCU.

23. It was further part of the conspiracy that **[1] ELIESER FELICIANO-SOTO** and **[2] JOSE E. SANTANA-CRIADO** used the proceeds of the scheme for personal expenses.

24. It was further part of the conspiracy that **[1] ELIESER FELICIANO-SOTO** and **[2] JOSE E. SANTANA-CRIADO** concealed the nature of the conspiracy and scheme to defraud, including that **[1] ELIESER FELICIANO-SOTO** received a financial benefit from the payments made to Innovative.

25. It was further part of the conspiracy that **[1] ELIESER FELICIANO-SOTO** and **[2] JOSE E. SANTANA-CRIADO** communicated with each other via electronic communication applications, including WhatsApp, regarding the conspiracy and scheme to defraud.

All in violation of 18 U.S.C. § 1349.

## COUNT TWO
## (18 U.S.C. § 1956(h) – Money Laundering Conspiracy)

The allegations in paragraphs 1-15 are incorporated here.

### Statutory Allegations

From in or about December 2018, through in or about October 2019, in the District of Puerto Rico and elsewhere, the defendants,

**[1] ELIESER FELICIANO-SOTO,**
**[2] JOSE E. SANTANA-CRIADO,**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses in violation of 18 U.S.C. § 1957.

### The Purpose and Object of the Conspiracy

It was the purpose and object of the conspiracy to knowingly engage in monetary transactions in criminally derived property that was of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1957.

### The Manner and Means of the Conspiracy

The allegations set forth in paragraphs 16-25 are incorporated here as constituting the manner and means by which the defendants and other coconspirators sought to achieve the purpose and object of the conspiracy.

It was further part of the conspiracy that **[1] ELIESER FELICIANO-SOTO** and **[2] JOSE E. SANTANA-CRIADO**, on or about the following dates, caused the following transfers of over $10,000 from Innovative's bank account in BPPR:

| Number | Date | Amount | To |
|---|---|---|---|
| 1. | 12/28/18 | $50,000.00 | **[1] ELIESER FELICIANO-SOTO's** BCU account |
| 2. | 02/13/19 | $30,000.00 | **[1] ELIESER FELICIANO-SOTO's** BCU account |
| 3. | 03/27/19 | $15,000.00 | **[1] ELIESER FELICIANO-SOTO's** BCU account |
| 4. | 04/09/19 | $10,500.00 | **[1] ELIESER FELICIANO-SOTO's** BCU account |
| 5. | 04/22/19 | $13,000.00 | **[1] ELIESER FELICIANO-SOTO's** BCU account |
| 6. | 05/21/19 | $20,000.00 | **[1] ELIESER FELICIANO-SOTO's** BCU account |
| 7. | 07/02/19 | $15,000.00 | Villa Victoria Auto |
| 8. | 07/25/19 | $20,062.76 | **[2] JOSE E. SANTANA-CRIADO's** mortgage payment with BPPR |
| 9. | 08/22/19 | $30,000.00 | **[2] JOSE E. SANTANA-CRIADO's** mortgage payment with BPPR |
| 10. | 09/03/19 | $10,020.00 | Cash withdrawal |
| 11. | 09/05/19 | $20,000.00 | **[2] JOSE E. SANTANA-CRIADO's** mortgage payment with BPPR |
| 12. | 09/13/19 | $32,596.09 | **[2] JOSE E. SANTANA-CRIADO's** mortgage payment with BPPR |

It was further part of the conspiracy that **[1] ELIESER FELICIANO-SOTO**, on or about the following dates, caused the following transfers of over $10,000 from his BCU account:

| Number | Date | Amount | To |
|---|---|---|---|
| 1. | 07/05/19 | $14,500.00 | **[1] ELIESER FELICIANO-SOTO's** mortgage payment with BPPR |
| 2. | 08/01/19 | $16,007.00 | **[1] ELIESER FELICIANO-SOTO's** mortgage payment with BPPR |
| 3. | 09/27/19 | $31,042.63 | **[1] ELIESER FELICIANO-SOTO's** mortgage payment with BPPR |
| 4. | 10/18/19 | $29,615.00 | **[1] ELIESER FELICIANO-SOTO's** mortgage payment with BPPR |

All in violation of 18 U.S.C. § 1956(h).

## CONSPIRACY TO COMMIT WIRE FRAUD FORFEITURE ALLEGATION

The allegations contained in Count One of this Indictment are incorporated here for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of the offense in violation of 18 U.S.C. § 1349 set forth in Count One of this Indictment, the defendants, **[1] ELIESER FELICIANO-SOTO** and **[2] JOSE E. SANTANA-CRIADO**, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

a) a money judgment in the amount of $1,151,296.38;

   b) the property located at No. 20 Cipres Street (A-10), Urb. Alta Vista, Cabo Rojo, Puerto Rico 00623, registered as lot 18534 in page 116, volume 505 of the Cabo Rojo/San German section of the Property Registry; and

   c) the property located at #375 Topacio St. (AD#), Urb. Mansions del Caribe, Humacao, Puerto Rico 00791, registered as lot 2553 in page 31, volume 565 of the Humacao Property Registry.

If any of the property described above, as a result of any act or omission of the defendants:

   a) cannot be located upon the exercise of due diligence;

   b) has been transferred or sold to, or deposited with, a third party;

   c) has been placed beyond the jurisdiction of the court;

   d) has been substantially diminished in value; or

   e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

## MONEY LAUNDERING FORFEITURE ALLEGATION

The allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1956, the defendants, **[1] ELIESER FELICIANO-SOTO** and **[2] JOSE E. SANTANA-CRIADO**, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

a) a money judgment in the amount of $559,612.85;

b) the property located at No. 20 Cipres Street (A-10), Urb. Alta Vista, Cabo Rojo, Puerto Rico 00623, registered as lot 18534 in page 116, volume 505 of the Cabo Rojo/San German section of the Property Registry; and

c) the property located at #375 Topacio St. (AD#), Urb. Mansions del Caribe, Humacao, Puerto Rico 00791, registered as lot 2553 in page 31, volume 565 of the Humacao Property Registry.

If any of the property described above, as a result of any act or omission of the defendant:

a) cannot be located upon the exercise of due diligence;

b) has been transferred or sold to, or deposited with, a third party;

c) has been placed beyond the jurisdiction of the court;

11

d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

TRUE BILL,

FOREPERSON

Date: June 30, 2022

W. STEPHEN MULDROW
United States Attorney

SETH ERBE
Digitally signed by SETH ERBE
Date: 2022.06.29 11:19:01 -04'00'

Seth Erbe
Assistant US Attorney
Chief, Financial Fraud and
Public Corruption Section

VICTOR ACEVEDO-HERNANDEZ
Digitally signed by VICTOR ACEVEDO-HERNANDEZ
Date: 2022.06.29 10:37:17 -04'00'

Victor O. Acevedo-Hernandez
Assistant US Attorney